UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES KAGO,<br><br>Plaintiff,<br><br>vs.<br><br>SHARKNINJA OPERATING, LLC,<br><br>Defendant. | **No.**<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>JURY DEMAND |

COMES NOW the Plaintiff named above, by and through Plaintiff's attorney, Fekadu Shibeshi, and shows his cause of action against the defendants named above as follows:

## I. INTRODUCTION

1.1. This is a product liability claim under RCW 7.72, Washington's Product Liability Act ("WPLA"). It is brought for the harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage, labeling, and/or selling of the product that injured Plaintiff James Kago.

## II. PARTIES

2.1 Plaintiff James Kago has been a resident of Pierce County, Washington, at all relevant times.

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES
Page 1 of 12

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

2.2     Defendant SHARKNINJA OPERATING LLC ("SHARKNINJA") is a company that manufactured, produced, made, constructed, fabricated, designed, formulated, prepared, assembled, installed, tested, warned, instructed, marketed, packaged, stored, labeled, and/or sold the Pressure Cooker that injured Plaintiff Kago on approximately April 11, 2022, while he was using the Pressure Cooker to prepare a meal.

2.3     Defendant SHARKNINJA is incorporated in Delaware and its principal place of business is in Needham, Massachusetts.

2.4.    Defendants John Does 1-5 are other companies or businesses who manufactured, produced, made, constructed, fabricated, designed, formulated, prepared, assembled, installed, tested, warned, instructed, marketed, packaged, stored, labeled, and/or sold the Pressure Cooker that injured Plaintiff Kago on approximately April 11, 2022.

2.5.    Defendants John Does 1-5 are engaged in the business of selling products and/or manufacturing products. They also design, produce, make, fabricate, construct, or remanufacture products before their sale to a user or consumer. They may also hold themselves out as a manufacturer. These "John Doe" defendants will be identified more fully as their names are learned during the discovery process, and this Complaint will be amended to add their names as defendants and to add any additional facts that give rise to Plaintiff Kago's claims against them. Upon information and belief, one or more of these John Does sold, designed, produced, made, fabricated, constructed, or remanufactured the Pressure Cooker, or components of the Pressure Cooker, that gave rise to this lawsuit, and one or more of these John Does are liable for Plaintiff Kago's injuries, as discussed below.

2.6.    Defendant SHARKNINJA and defendants John Does 1-5 purposefully availed themselves of the market for their products in the State of Washington, including Pierce County, and placed their products, including the Pressure Cooker that injured Plaintiff Kagoe, into the stream of commerce knowing and expecting that their products would be sold and/or distributed in the State of Washington, including

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES
Page 2 of 12

FEKADU SHIBESHI LAW FIRM
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

Pierce County, and would reach consumers and users in the State of Washington. Defendant SHARKNINJA and defendants John Does 1-5 also knew that their products would be used in the State of Washington, and that someone harmed by one of their products, such as Plaintiff Kago, may assert jurisdiction over each of them in a Washington court.

### III. JURISDICTION AND VENUE

3.1    Defendant SHARKNINJA and defendants John Does 1-5, at all relevant times, transacted business in Pierce County, Washington, including at the time this cause of action arose.

3.2    This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

3.3    Venue and jurisdiction are proper in Pierce County, Washington, because defendant SHARKNINJA and defendants John Does 1-5 "reside" in Pierce County, Washington, because the Pressure Cooker that injured Plaintiff Kago was sold to him in Pierce County, Washington, because the accident that gave rise to this lawsuit took place at Plaintiff Kago's home in Pierce County, Washington, when he was using the Pressure Cooker and it exploded, and because the defendants purposefully availed themselves of Washington and it was reasonably  foreseeable to them that they would be haled into court in Washington if one of their products, like the Pressure Cooker, harmed someone in Washington.

3.4    Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Washington.

//

//

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 3 of 12

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

## IV. FACTS

4.1.   Plaintiff James Kago incorporates by reference each and every allegation in the paragraphs above and below.

4.2.   At all relevant times, Defendant SHARKNINJA is and was the designer, manufacturer, producer, distributor, vendor, seller of, and/or marketing entity for the SharkNinja Foodi, Pressure, Slow Cooker and Air Fryer pressure cooker ("Pressure Cooker").

4.3.   The Pressure Cooker is an electric kitchen appliance designed to be used for the preparation of food. The Pressure Cooker is designed to prepare meals by cooking liquids inside a pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting high temperatures produced are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

4.4.   At all relevant times, Defendant SHARKNINJA tested and inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

4.5.   On approximately April 11, 2022, Plaintiff Jamed Kago was using a Pressure Cooker to prepare a meal in his home, when it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto him.

4.6.   At all relevant times, the Pressure Cooker was owned by Plaintiff Kago, a friend purchased the Pressure Cooker for him from Costco in Tacoma, WA on November 18, 2021.

4.7.   At all relevant times, Plaintiff Kago followed the instructions enclosed with the Pressure Cooker.

4.8.   The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES
Page 4 of 12

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

4.9.   The Pressure Cooker was within its anticipated useful safe life when it failed.

4.10. The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

4.11. The Pressure Cooker that injured Plaintiff Kago was not reasonably safe because of how it was manufactured, produced, constructed, fabricated, designed, formulated, prepared, assembled, installed, tested, packaged, stored, or labeled by defendant SHARKNINJA and defendants John Does 1-5, or because of the warnings, instructions, or marketing materials that defendant SHARKNINJA and defendants John Does 1-5 provided or failed to provide.

4.12. Defendant SHARKNINJA knew, or in the existence of ordinary care, should have known, that the Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

4.13. Defendant SHARKNINJA knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Pressure Cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

4.14. Defendant SHARKNINJA had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant SHARKNINJA failed to adequately design, equip and/or manufacture the Pressure Cooker.

4.15. Defendant SHARKNINJA negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES
Page 5 of 12

FEKADU SHIBESHI LAW FIRM
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

4.16. Defendant SHARKNINJA failed to prudently design, manufacture, test, inspect, market and/or sell the Pressure Cooker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

4.17. The Pressure Cooker was unreasonably dangerous and/or defective in that it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics.

4.18. The Pressure Cooker was unreasonably dangerous and/or defective in that a reasonably prudent manufacturer would not have put it on the market assuming that the manufacturer knew of its dangerous condition.

4.19. As a direct and proximate result of the explosion of the Pressure Cooker and the expulsion of scalding contents therefrom and onto him, Plaintiff Kago suffered severely painful and disfiguring burns to his body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff Kago will continue to suffer such losses and impairment in the future.

4.20. The special and general damages that Plaintiff Kago suffered, and continues to suffer, were proximately caused by defendant SHARKNINJA and defendants John Does 1-5 because the Pressure Cooker that injured her was not reasonably safe.

## V. FIRST CAUSE OF ACTION RCW 7.72.030(1)

5.1. Plaintiff James Kago incorporates by reference each and every allegation contained in the paragraphs above and below.

5.2 Defendant SHARKNINJA and defendants John Does 1-5 are liable under RCW 7.72.030 because Plaintiff Kago's harm was proximately caused by the negligence of

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

defendant SHARKNINJA and defendants John Does 1-5 in that the Pressure Cooker that injured Plaintiff Kagoe was not reasonably safe.

5.3    First, the Pressure Cooker was not reasonably safe as designed because, at the time of manufacture, the likelihood that the Pressure Cooker would cause Plaintiff Kago's harm or similar harms, and the seriousness of those harms, outweighed the burden on defendant SHARKNINJA and defendants John Does 1-5 to design a product that would have prevented those harms and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the Pressure Cooker.

5.4.    Second, the Pressure Cooker was not reasonably safe because adequate warnings or instructions were not provided with it, because, at the time of manufacture, the likelihood that the Pressure Cooker would cause Plaintiff Kago's harm or similar harms, and the seriousness of those harms, rendered the warnings or instructions of defendant SHARKNINJA and defendants John Does 1-5 inadequate and they could have provided the warnings or instructions which Plaintiff Kago alleges would have been adequate. Defendant SHARKNINJA and defendants John Does 1-5 failed to warn consumers of the Pressure Cooker of the potential risks of the Pressure Cooker exploding and spewing its hot contents on them, and failed to provide adequate instructions for its safe use.

5.5    Third, the Pressure Cooker was not reasonably safe because adequate warnings or instructions were not provided after the Pressure Cooker was manufactured because defendant SHARKNINJA and defendants John Does 1-5 learned, or should have learned, about the danger of the Pressure Cooker exploding and spewing its hot contents on its users, and/or that any safety devices that were provided were inadequate to protect its users from injuries like the injury suffered by Plaintiff Kago. Defendant SHARKNINJA and defendants John Does 1-5 had a duty to issue warnings or instructions concerning that danger in a manner that a reasonably prudent manufacturer would act in the same or similar circumstances. Defendants breached

FEKADU SHIBESHI LAW FIRM
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

this duty and defendants failed to exercise reasonable care to inform product users, including Plaintiff Kago, about that danger.

5.6     After the Pressure Cooker was manufactured or was in the stream of commerce, defendant SHARKNINJA and defendants John Does 1-5 acquired knowledge of the defective design of the Pressure Cooker, and the unreasonable risk of injury to users of the Pressure Cooker, but negligently failed to take reasonable steps to warn prospective product users of the defective design or unreasonable risk of injury from the Pressure Cooker.

5.7.    The Pressure Cooker was not reasonably safe under RCW 7.72.030 because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics. An ordinary consumer would not contemplate that the Pressure Cooker would explode and spew its hot contents on them, or cause the type of injury that Plaintiff Kagoe suffered.

### VI. SECOND CAUSE OF ACTION RCW 7.72.030(2)

6.1     Plaintiff Kago incorporates by reference each and every allegation contained in the paragraphs above and below.

6.2     Defendant SHARKNINJA expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

6.3     Defendant SHARKNINJA's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff Kago without which he would not have purchased and/or used the Pressure Cooker.

6.4     The Pressure Cooker did not conform to Defendant SHARKNINJA's affirmations regarding safety.

FEKADU SHIBESHI LAW FIRM
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

6.5    Defendant SHARKNINJA impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant SHARKNINJA'S own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

6.6    In selling the Pressure Cooker to Plaintiff Kago, Defendant SHARKNINJA, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff Kago would put the Pressure Cooker to use and knew or should have known of the particular purpose to which Plaintiff Kago would put the product to use. Defendant SHARKNINJA impliedly warranted that the product would be fit for such particular purpose.

6.7    Defendant SHARKNINJA breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to Defendant SHARKNINJA's affirmations regarding its product being fit for such particular purpose. The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

6.8    Defendant SHARKNINJA breached the implied warranty of merchantability, as the product did not conform to its affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

6.9    Defendant SHARKNINJA and defendants John Does 1-5 are subject to strict liability to Plaintiff Kago because his harm was proximately caused by the fact that the Pressure Cooker was not reasonably safe in construction and/or not reasonably safe because it did not conform to the implied warranties under Title 62A RCW, including RCW 62A.2-314 and the implied warranty of merchantability.

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

6.10 Upon information and belief, the Pressure Cooker was not reasonably safe in construction because, when it left the control of defendant SHARKNINJA and defendants John Does 1-5, the Pressure Cooker deviated in a material way from the design specifications or performance standards of the defendants, or deviated in some material way from otherwise identical units of the same product line, in that the Pressure Cooker was not intended to explode and spew its hot contents on them, or cause the type of injury that Plaintiff Kago suffered

6.11 The Pressure Cooker was not reasonably safe under RCW 7.72.030 because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics. An ordinary consumer would not contemplate that the Pressure Cooker would explode and spew its hot contents on them, or cause the type of injury that Plaintiff Kago suffered

### VII. THIRD CAUSE OF ACTION RCW 7.72.040

7.1 Plaintiff Kago incorporates by reference each and every allegation contained in the paragraphs above and below.

7.2 Upon information and belief, defendant SHARKNINJA and defendants John Does 1-5 are liable to Plaintiff Kago because his harm was proximately caused by: 1) their negligence, 2) intentional misrepresentation of facts about the Pressure Cooker made by them, and/or 3) intentional concealment of information about the Pressure Cooker made by them.

7.3 Defendant SHARKNINJA and defendants John Does 1-5, product sellers, may also have the liability of a manufacturer. At this point it is unclear whether all defendants are solvent and whether they would be subject to service of process under the laws of Plaintiff Kago's domicile or the State of Washington. It is similarly unclear whether Plaintiff Kago will be able to enforce a judgment against all defendants, or whether any defendants are controlled subsidiaries of any other defendants. Upon information

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 10 of 12

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

and belief, defendants provided the plans or specifications for the manufacture or preparation of the Pressure Cooker and such plans or specifications were a proximate cause of the defect in the Pressure Cooker because the Pressure Cooker exploded and spewed its hot contents on Plaintiff Kago and injured him

## VIII. JOINT AND SEVERAL LIABILITY

8.1   Plaintiff Kago incorporates by reference each and every allegation contained in the paragraphs above and below.

8.2   Under RCW 4.22.070, defendants are jointly and severally liable for Plaintiff Kago's damages because he was not at fault in incurring his bodily injury and defendants acted in concert, or as each other's agents and/or servants, in causing his injuries.

## IX. NOTICE TO JOHN DOES AND OTHER POTENTIAL DEFENDANTS

9.1   Plaintiff James Kago incorporates by reference each and every allegation contained in the paragraphs above.

9.2   Because Plaintiff Kago has not yet conducted thorough discovery on the Pressure Cooker that injured him, he hereby gives notice to all John Doe defendants and other possible unnamed defendants that he suffered the injury described above and that she may amend this Complaint to add additional defendants who were involved in the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of the Pressure Cooker that injured him.

## X. DEMAND FOR TRIAL BY JURY

10.1  Plaintiff Kago demands a trial by jury on all issues so triable as a matter of right.

//

//

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES
Page 11 of 12

**FEKADU SHIBESHI LAW FIRM**
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210

## XI. REQUEST FOR RELIEF

11.1  WHEREFORE, Plaintiff Kago requests judgment against defendant SHARKNINJA and defendants John Does 1-5 for general, special, punitive, and treble damages as allowed by law; for attorneys' fees and costs incurred in maintaining this action; for prejudgment interest; and, for such other and further relief as the Court may deem just under the circumstances.

RESPECTFULLY Submitted on this 3rd day of April, 2025.


By: _____
Fekadu Shibeshi, WSBA No. 49612
FEKADU SHIBESHI LAW FIRM, PLLC
100 W Harrison St., Ste S300
Seattle, WA 98119
Ph: 206.209.9458
Fax: 206.623.3624
Email: fekadu@faslawfirm.com
Attorney for Plaintiff James Kago

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES
Page 12 of 12

FEKADU SHIBESHI LAW FIRM
ATTORNEY AT LAW #49612
100 W HARRISON ST STE 300
SEATTLE, WA 98119
Telephone (206) 209 9458
Fax (206) 374 2210